United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIGUEL ANJEL PENA RAMIREZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-5484 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER TO TRANSFER

The petitioner, Miguel Anjel Pena Ramirez, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). (Dkt. 4). He has now filed an *ex parte* motion to change venue, seeking to have this action transferred to the Western District of Texas. (Dkt. 6). After reviewing the petition, the motion, all matters of record, and the law, the Court grants the motion and orders that this action be transferred.

**I.   BACKGROUND**

Pena-Ramirez is a Mexican national who first came to the United States in 1996. (Dkt. 4, p. 5). He entered without inspection, and he had no contact with anyone from the Department of Homeland Security or ICE until June 2025, when he was arrested and charged with inadmissibility. (*Id.*). On July 10, 2025, an

immigration judge held a custody redetermination and bond hearing and determined that Pena-Ramirez was subject to mandatory detention as a flight risk. (Dkts. 4, p. 5; 4-1). Pena-Ramirez alleges that the government offered no evidence at the bond hearing and that there is no evidentiary basis to support the finding that he is a flight risk. (Dkts. 4, p. 9; 2, p. 4).

In his current petition, Pena-Ramirez alleges that his due process rights were violated by the denial of his request for bond. (Dkt. 4, p. 6). He contends that he was improperly denied bond based not on any evidence that he is a flight risk, but instead on newly adopted DHS policies that require mandatory detention for any noncitizen present in the country without inspection. (*Id.*). He asks the Court to find that DHS's new interpretation and application of the immigration statutes violates federal law and the Constitution and order that he be immediately released on bond. (*Id.* at 9-11). Pena-Ramirez has also filed a motion for a temporary restraining order on the same basis. (Dkt. 2).

When Pena-Ramirez filed his petition, ICE was holding him at the Joe Corley processing facility in Conroe, Montgomery County, Texas. Pena-Ramirez thus properly filed his action in the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). However, after the petition was filed and before service of process on any of the respondents, ICE officials relocated Pena-Ramirez to the Limestone County Detention Center in Groesbeck, Limestone County, Texas. (Dkt.

6). Limestone County is located in the Western District of Texas, Waco Division. *See* 28 U.S.C. § 124(d)(2).

Based on this relocation, Pena-Ramirez filed an *ex parte* motion to transfer this case to the Western District of Texas. (Dkt. 6). This motion is granted, for the reasons explained below.

## II.  DISCUSSION

Federal district courts have jurisdiction to consider petitions filed under 28 U.S.C. §2241 that challenge the validity of a noncitizen's continued detention. *See Gul v. Rozos*, 163 F. App'x 317, 318-19 (5th Cir. 2006) (per curiam). However, § 2241(a) limits district courts' authority to grant writs of habeas corpus to those that arise "within their respective jurisdictions." *See Dada v. Witte*, No. CV 20-1093, 2020 WL 1674129, at *3 (E.D. La. Apr. 6, 2020) (quoting *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001)). And for "core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam). While the Fifth Circuit has not specifically addressed this issue in the context of a habeas petition filed by a noncitizen pending removal, courts in this district have consistently found that the proper district for filing of the petition is the district of confinement and the proper respondent is the warden of the facility where the petitioner is being held.

*See, e.g., Sanchez Puentes v. Garite*, No. EP-25-cv-00127-DB, 2025 WL 1203179, at *10 (W.D. Tex. Apr. 25, 2025); *Medina v. Joyce*, No. CV 20-1777, 2020 WL 5072732, at *4 (E.D. La. Aug. 26, 2020).

Pena-Ramirez admits that he was detained in the Southern District when he filed his petition. But in his motion to transfer, Pena-Ramirez seems to contend that his post-filing transfer deprives this Court of jurisdiction over his petition. This contention is incorrect. When a person detained in one federal district files a petition for writ of habeas corpus in that district, the court in that district does not lose jurisdiction to rule on that petition if the petitioner is later moved to a different district. *See Rumsfeld*, 542 U.S. at 441 ("When the Government moves a habeas petitioner after she properly filed a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on th[e] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change."). Therefore, Pena-Ramirez's post-filing relocation to the Limestone County Detention Center did not divest this Court of jurisdiction over his petition, and transfer is not required.

However, when jurisdiction over an action lies in more than one district, the district court has broad authority to transfer the case in the interests of justice to

another district in which the action might have been brought. *See* 28 U.S.C. §§ 1404(a), 1406; *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). In determining whether to transfer an action, the district court considers "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a).

Pena-Ramirez's presence in the Western District of Texas makes that forum more convenient for him than the Southern District. His counsel is based in Florida and will need to either travel to Texas for hearings or appear electronically. Travel to either district, if necessary, will be equally burdensome for counsel. As with Pena-Ramirez's counsel, several of the respondents are based in Washington, D.C., and, once served, their travel to either district in Texas will be equally burdensome. Counsel has stated an intent to substitute the warden of Pena-Ramirez's current facility for the previously named warden. Records relating to Pena-Ramirez's immigration history and detention are equally available in either district.

Having considered all of these circumstances, the Court determines that this case should be transferred for the convenience of the witnesses to the district in which Pena-Ramirez is currently detained.

Accordingly, the Court **ORDERS** as follows:

1. The *Ex Parte* Motion to Change Venue filed by Petitioner Miguel Anjel Pena-Ramirez, (Dkt. 6), is **GRANTED**.

2. The Clerk of Court must **TRANSFER** this case to the Western District of Texas, Waco Division.

3. Pena-Ramirez is advised to file all further pleadings, motions, and correspondence related to his petition in the Western District after the Clerk has provided him with the new case number for this action.

The Clerk will provide a copy of this Order to Transfer to the petitioner.

SIGNED at Houston, Texas on _____ Dec 1 _____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE